**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

KEVIN PERRY,

    Plaintiff,

vs.                                           Case No. 6:12-cv-1105-Orl-37KRS

ANGELINE ENTERPRISES, INC., d/b/a
MEINEKE CAR CARE CENTER,

    Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Doc. 7), filed August 9, 2012; and

2. Plaintiff's Response in Opposition to 12(b)(6) Motion (Doc. 12), filed August 24, 2012.

Upon consideration, the Court denies Defendant's Motion to Dismiss.

**BACKGROUND**

Plaintiff was employed with Defendant from 2010 to 2011. (Doc. 1, ¶ 3.) Plaintiff states that he was an "automotive service consultant" whose primary job was to "sell car care center services." (*Id.* ¶¶ 5, 20.) He alleges that he worked more than forty hours per workweek without receiving overtime pay as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* (Doc. 1, ¶¶ 1, 17.)

Defendant moves to dismiss Plaintiff's Complaint on the contention that Plaintiff was a manager subject to the executive exemption from the FLSA. (Doc. 7, ¶ 4.) In

support of this argument, Defendant cites to a discrimination charge that Plaintiff filed with the Florida Commission on Human Relations in connection with leaving Defendant's employ, in which Plaintiff described himself as the store manager. (*Id.* at 3.)

Plaintiff responded and asserted that Defendant's Motion does not challenge the adequacy of the complaint but instead sets out an affirmative defense. The matter is now ripe for the Court's adjudication.

## STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim." In considering a motion to dismiss a complaint, the Court must limit itself to "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must be accepted as true and be construed in the light most favorable to the plaintiff. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006) (citation omitted).

## DISCUSSION

Plaintiff's Response aptly characterizes Defendant's Motion to Dismiss as "putting the cart before the horse." (Doc. 12, p. 1.) Though Defendant points to Plaintiff's discrimination charge in which he calls himself the "Store Manager," that document is outside of the four corners of the Complaint. (Doc. 7-1, p. 1.) Thus, the Court may not properly consider that evidence in the determination of this Motion to Dismiss. Accepting Plaintiff's description of his job as true, Plaintiff's Complaint states a plausible entitlement to relief; therefore, the Motion is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion

to Dismiss and Incorporated Memorandum of Law (Doc. 7) is **DENIED**.

    **DONE AND ORDERED** in Chambers in Orlando, Florida, on October 1, 2012.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record